UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMES COLLIN MCCORD, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:22-CV-00004-JRG-CRW |
| POLK COUNTY JAIL, POLK COUNTY POLICE DEPARTMENT, and STATE OF TENNESSEE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION

Plaintiff, an inmate of the Sullivan County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of various incidents during his incarceration in the Polk County Jail [Doc. 1]. For the reasons set forth below, this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant.

**I.     SCREENING STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive

an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## II. COMPLAINT ALLEGATIONS

On October 9, 2021, Plaintiff "was taken to jail for [his] first []reckless driving offense," even though Plaintiff told the arresting officer that (1) he was a violent offender and the officer therefore should call for backup; (2) he was in a rush to get to a probation appointment and had run out of gas and been stranded the night before; and (3) "Kars R Us" had told Plaintiff that he could call to get an extension on his temporary tags [Doc. 1 at 3–4]. According to Plaintiff, "[t]his seems like unfair treatment" on the part of the arresting officers, because Plaintiff has friends who were not taken to jail for their second or third reckless driving offense [*Id.* at 4].

When Plaintiff arrived at the Polk County Jail, officers placed him in a booking cell [*Id.*]. However, after Plaintiff "patiently waiti[ed]" and asked for "the phone call [he] was legally entitled to, [Plaintiff] started to become agitated" [*Id.*]. Plaintiff therefore asked for his phone call "a little louder," at which point unnamed correctional officers "were even more hateful [and] continued to deny [Plaintiff] of [his] legal right" [*Id.*].

2

Plaintiff then told the unnamed officers that if they were going to deny him his phone call, they may as well take his mat and blanket, which they did, and Plaintiff believes this was "inhuma[]ne" [*Id.*]. Unnamed officers then told Plaintiff to take a nap and that he would get his phone call after that, but they continued to deny his phone call after he woke, at which point "[Plaintiff] was irate" and "started bucking" [*Id.* at 4–5]. Plaintiff kicked the door to get an officer's attention but "they still denied [his] phone call and moved [him] to a dry cell with no toilet and [he was] still without a mat and blanket" [*Id.* at 5].

Plaintiff continued to ask for a phone call and his mat and blanket back but was denied [*Id.*]. Unnamed officers told Plaintiff "take another nap and calm down," so Plaintiff went back to sleep [*Id.*]. When he woke up, Plaintiff told the officers "[he] needed to use the restroom" but "[t]hey denied [him]" [*Id.*]. Plaintiff also "asked for water because [he] was severely dehydrated," but unnamed officers denied that request [*Id.*]. About thirty or forty-five minutes later, Plaintiff told "them . . . that [he] was about to go pee in the corner," which he did after ten minutes passed and he could no longer hold it, at which point unnamed officers "yelled and cussed at [him]" [*Id.*]. Plaintiff asked for a mop, but that request was denied, so the urine "sat there for hours" [*Id.*].

Plaintiff also advised unnamed officers that the vent above him had feces on it, which caused another argument [*Id.*]. Plaintiff then had to urinate on the floor again because unnamed officers would not allow him to go to a bathroom, after which unnamed officers again cussed and yelled at him [*Id.*]. Unnamed officers then dragged Plaintiff into another cell and pepper sprayed him, and refused to give him a cup to spit in [*Id.*]. But as Plaintiff's "sinuses were dripping horribly," he spit all over the room, at which point unnamed officers dragged him out of the room and restrained him [*Id.*]. Plaintiff again asked for something to spit in, but unnamed officers denied that request, so Plaintiff spit on the floor to keep from choking, at which point officers put a "spit-

bag" on him [*Id.*]. Plaintiff felt closed in, had a panic attack, and could not breathe, but an officer told Plaintiff that if he could talk, he would be fine, and then took the "spit-bag" off and "poured water down [Plaintiff] without asking" [*Id.*].

Plaintiff then calmed down and received "water and a razor thin mat and blanket and [was] thrown back in a dry cell [and] left humiliated and utterly exhausted" [*Id.*]. Plaintiff "[has] been suffering from PTSD ever since and making irrational decisions [and] will never be the same" [*Id.*].

Plaintiff has sued the Polk County Jail, the State of Tennessee, and the Polk County Police Department [*Id.* at 1, 3]. As relief, he seeks to "help other inmates receive the rights that they are legally entitled to under Tennessee state law and the Bill of Rights in the Constitution," "a fair monetary settlement," and "the charges dismissed, if possible" [*Id.* at 6].

C. Analysis

First, while Plaintiff has named the State of Tennessee as a Defendant, a state is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Moreover, the doctrine of sovereign immunity prohibits suit a state or its agencies in federal court for damages, unless Congress has abrogated its immunity or the state has expressly waived it. *See WCI, Inc. v. Ohio Dep't of Public Safety*, 18 F.4th 509, 513–14 (6th Cir. Nov. 17, 2021). The State of Tennessee has not waived its immunity to suit under § 1983 or state tort law. *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983); *Burton v. Durnin*, No. 3:11-CV-429, 2012 WL 946747, at *8 (E.D. Tenn. Mar. 20, 2012) (finding that the "[S]tate of Tennessee has not consented to being sued in federal court for tort claims brought under state law").

Also, the Polk County Jail is a building, and therefore not a "person" subject to suit under § 1983. *See, e.g., Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). And the Polk County Police Department likewise is not a person subject to suit under § 1983. *See Anciani v. Davidson Cty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Moreover, Plaintiff does not allege that any act or omission in the complaint resulted from a custom or policy of Polk County, such that the Court could liberally construe the complaint to state a claim against this municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to any named Defendant, and it will be **DISMISSED**.

I. **CONCLUSION**

For the reasons set forth above:

1. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

2. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

3. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

ENTER:

                                        s/J. RONNIE GREER
                                  UNITED STATES DISTRICT JUDGE